IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

       vs.                                    2:25-cr-166(1)
                                         JUDGE MICHAEL H. WATSON

JOHN FERRELL

**REPORT AND RECOMMENDATION**

Defendant John Ferrell previously pleaded not guilty to an *Indictment* charging him with conspiracy to distribute and to possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl and a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 846 (Count 1),three (3) counts of distribution of controlled substances in violation of 21 U.S.C. § 841 (Counts 2, 3, 4), possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl and a mixture of substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841 (Count 5), being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8) (Count 6), and possession of a firearm in furtherance of the drug trafficking crime alleged in Count 5 in violation of 18 U.S.C. § 924(c)(1)(A) (Count 7). *Indictment*, ECF No. 6. The *Indictment* also includes forfeiture provisions. *Id*. The United States and defendant thereafter entered into a *Plea Agreement*, ECF No. 66,[1] executed pursuant to the provisions of Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to the crimes

---

[1] The *Plea Agreement* contains an appellate waiver that preserves only certain claims for appeal, collateral challenge, and motion for reduction of sentence. In the *Plea Agreement,* defendant agreed to forfeit any interest in four firearms and associated ammunition and in specified currency.

1

charged in Count 5 and 7. On May 27, 2026, defendant personally appeared with his counsel for a change of plea proceeding.

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Indictment* and the consequences of his plea of guilty to Counts 5 and 7. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the *Plea Agreement* signed by him, counsel[2], and the attorney for the United States and filed on May 7, 2026, represents the only promises made by anyone regarding the charges in the *Indictment*. Defendant was advised that the District Judge may accept or reject the *Plea Agreement* and that all sentencing terms will be determined by the District Judge. Defendant was further advised that, even if the

---

[2] Defense counsel represented at the change of plea proceeding that another criminal defense attorney was authorized to sign the *Plea Agreement* instead of him, but that he was involved in the negotiation of the *Plea Agreement* and that he conferred fully with defendant regarding the terms of

2

District Judge refuses to accept any provision of the *Plea Agreement* not binding on the Court, or if the sentence imposed is more severe than the sentence that defendant expected, defendant may nevertheless not withdraw his guilty plea on that basis.

Defendant confirmed the accuracy of the statement of facts supporting the charges, which is attached to the *Plea Agreement*.  He confirmed that he is pleading guilty to Counts 5 and 7 of the *Indictment* because he is in fact guilty of those crimes.  The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Counts 5 and 7 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 5 and 7 of the *Indictment* be accepted.  Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be

the *Plea Agreement*.

3

filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a forfeiture of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

May 27, 2026                                            *s/  Norah McCann King*
 Date                                          Norah M[c]Cann King
                                            United States Magistrate Judge

4